IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



MARK LOWE,                )
                          )
    Petitioner,            )
                          )
v.                        )         Civil Action No. 3:18CV155–HEH
                          )
HAROLD CLARKE,            )
                          )
    Respondent.            )

## MEMORANDUM OPINION
(Dismissing Successive § 2254 Petition)

Petitioner, a Virginia prisoner proceeding *pro se*, submitted a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions in the Circuit Court for the County of Chesterfield of attempted murder, two counts of use of a firearm in the commission of a felony, abduction, and discharge of a firearm at an occupied building. *See Lowe v. Commonwealth of Virginia*, No. 3:17CV292, 2018 WL 507076, at *1 (E.D. Va. Jan. 22, 2018). By Memorandum Opinion and Order entered on January 22, 2018, the Court denied that petition. *Id.* at *5. On or about March 5, 2018, (*see* ECF No. 1, at 18) Petitioner sent to the Court a document which he titled, "Motion to Vacate and Void the Criminal Conviction." ("Motion to Vacate," ECF No. 1.) In the Motion to Vacate, Petitioner invokes this Court's jurisdiction under Federal Rule of Civil Procedure 60(b) and 60(d), Petitioner once again challenges his convictions in the Circuit Court for the County of Chesterfield. For the reasons set forth below, the Motion to Vacate will be dismissed as a successive, unauthorized § 2254 petition.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held "that district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003) (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Additionally, the Fourth Circuit has provided the following guidance in distinguishing between a proper Rule 60(b) motion and an improper successive § 2255 motion or habeas petition:

> [A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

*Id.* at 207 (citations omitted). Here, Petitioner's Motion to Vacate challenges his Chesterfield County convictions, rather than any defects in his federal habeas proceedings. *See Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005) (construing a motion as a successive habeas corpus application if it seeks vindication of a claim for relief from the criminal judgment, regardless of the title on the motion). Accordingly, the Court must treat the Motion to Vacate as a successive § 2254 petition. *Cf. United States v. Merica*, Nos. 5:04CR00015, 5:11CV80375, 2011 WL 6325881, at *1 (W.D. Va. Dec. 16, 2011) (construing action under Fed. R. Civ. P. 60(d) as a successive § 2255 motion). The Court has not received authorization from the Fourth Circuit to file the present § 2254 petition. Therefore, the action will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction. The Court will deny a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: March 23, 2018
Richmond, Virginia